UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re<br><br>MICHAEL PETER SPITZAUER,<br><br>Debtor. | Bankruptcy No. 10-16355-SJS |
| WILLIAM and MANDY FRANKE, and the marital community comprised thereof<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PETER SPITZAUER,<br><br>Defendant. | Adversary No.<br><br>COMPLAINT FOR DENIAL OF DISCHARGE |

Creditors William and Mandy Franke ("the Frankes") by and through their undersigned counsel complain and allege as follows:

## I. PARTIES

1. Debtor Michael Peter Spitzauer originally filed for Chapter 13 bankruptcy on or about June 2, 2010, but this case was converted to Chapter 7 by order of the Court on July 21, 2010.

2. The Frankes are creditors of Debtor, his wife, and Green Power, Inc. ("GPI"). Debtor is the CEO and President of GPI. The Frankes hold a liquidated, unsecured claim in excess of $10,367,720 against Debtor, his wife, and GPI (collectively "Defendants").

COMPLAINT FOR DENIAL OF DISCHARGE - 1 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this Chapter 13 case pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this complaint is proper under 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL BACKGROUND

4. Defendants are jointly and severally liable to the Frankes in the amount of $10,367,720 plus post-judgment interest based on a stipulated judgment entered by the King County Superior Court (Cause No. 08-2-25727-4 SEA) on January 8, 2010.

5. Defendant has not satisfied any part of the Frankes' judgment.

6. The Frankes' judgment arises as follows:

7. Defendants claimed to have the technology to convert solid and liquid waste to diesel fuel or other petroleum product, in a process called Catalytic Pressure-less Depolymerization ("CPD").

8. Defendants held numerous public and private demonstrations of the CPD process with a mobile demonstration unit, mounted on a tractor-trailer rig.

9. The purpose of these demonstrations was to persuade potential capital contributors, investors, lenders, and business partners to invest in GPI.

10. On or about January 27, 2007, Plaintiff William Francke met Defendant Michael Spitzauer in connection with Spitzauer's involvement with GPI. Defendants drove Plaintiff and two other associates from King County to Pasco, Washington purportedly to see the working process of the mobile demonstration unit. Defendants provided Plaintiffs with a tour of the plant, an explanation of its function, and a video demonstration of its

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

capabilities. In connection with this visit, Defendants falsely represented to Plaintiffs and the public at large, that GPI held "worldwide rights" to GPI's garbage to fuel technology.

11. Defendants also made false representations to Plaintiffs regarding GPI's financial status. Defendants assured Plaintiff Francke that Defendants had access to many millions of dollars and had no need for additional capital or investors. Defendants identified and claimed ownership of multiple buildings and warehouses throughout Washington State.

12. The representations made by Defendants were subsequently discovered by Plaintiff to be false. Plaintiff relied on these representations in extending loans, authorizing use of credit, and engaging in stock transactions with Defendants.

13. On or about February 2007, Plaintiff and several Australian associates signed an agreement with Defendants to bring a CDP mobile unit into Australia. As part of the agreement, Plaintiff agreed to make a cash payment to GPI in two installments, for a total in excess of $1,000,000. Plaintiffs subsequently made these payments. No CDP mobile unit was ever shipped, and Plaintiffs' payments in excess of $1,000,000 were never returned.

14. On April 29, 2007, Defendants presented an exceptional "onetime offer" for the purpose of making Plaintiffs "a part of Green Power Inc." Defendant Spitzauer incorrectly stated that only he and his wife were shareholders in GPI, and that a third person had been involved but was removed as a shareholder. In reality, numerous other people were shareholders in GPI, several having brought lawsuits against Defendants.

15. Defendant Spitzauer proposed an exchange of 1,500,000 of Defendant GPI's shares (a 1.5% stake in GPI) for 1,500,000 shares of Plaintiffs' stock in Golden West

COMPLAINT FOR DENIAL OF DISCHARGE - 3 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

Resources ("GWR"), a publicly traded company on the Australian Stock Exchange. Defendants promised in writing not to liquidate any of the GWR shares and also guaranteed a buy-back option in which Plaintiffs would be able to repurchase their GWR shares for the same value at which they were exchanged at any time within 24 months of the exchange.

16. In connection with their proposal, Defendants told Plaintiffs that Defendants had "millions of dollars" and did not need outside investors in order to build the GPI large-scale plant and expand the company. Defendants also emphasized the exclusivity of GPI shares and told Plaintiffs that GPI was founded to be a "family business."

17. These statements were material to Plaintiffs agreeing to enter into the stock transactions with Defendants.

18. Subsequently, Plaintiffs learned these representations were false.

19. Plaintiffs accepted Defendants' offer of the stock exchange, and entered into the Agreement Between GPI and Plaintiff on May 2, 2007. Defendants presented Plaintiffs with a Corporate Resolution of Authority by GPI purporting to authorize GPI's participation in the stock transfer.

20. Plaintiffs transferred their 1,500,000 shares of GWR to Defendant Spitzauer on May 16, 2007.

21. In violation of Defendants' promise to refrain from selling or transferring shares of GWR before May 16, 2009, Defendants had sold at least 490,000 GWR shares as of February 2008.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

22. On or about July 1, 2007, Defendants advised Plaintiffs in writing that GPI had received an offer to purchase shares equal to ten percent (10%) of Regal Financial Bank ("RFB") for $50,000,000.

23. Defendant Spitzauer stated that the transaction with RFB was important to the success of GPI and that in order to consummate the contract with RFB, federal regulations required that Plaintiffs submit a $1,000,000 payment to RFB, which Defendant Spitzauer would facilitate. Defendant Spitzauer alleged that the transfer was a mere formality to meet federal review standards, and that GPI would promptly refund the $1,000,000 to Plaintiffs within 30 to 90 days.

24. Defendant Spitzauer emphasized that equity participation with RFB "would be a big boost" to GPI and assured Plaintiffs that GPI did not require any financial support to make the equity offer. Defendants further stressed that GPI's pending contract with RFB was contingent on Plaintiffs' agreement to transfer $1,000,000, as each shareholder was required to participate to meet federal review.

25. Pursuant to Defendants' request, Plaintiffs transferred $1,000,000 to the requested account on July 10, 2007.

26. Plaintiffs never received a return of the $1,000,000 from Defendants as promised. In reliance on Defendants' written and oral promises to return the $1,000,000 within 90 days, Plaintiffs subsequently incurred late settlement fees during the purchase of a home in Australia.

27. Defendant Spitzauer repeatedly made false representations to Plaintiffs regarding GPI's financial status.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

28. Plaintiffs are Australian citizens with limited ability to remain in the United States for extended periods of time due to visa restrictions.

29. Defendants provided Plaintiffs with numerous email and telephone updates, using means of international commerce, regarding GPI developments.

30. By means of emails and telephone calls, Defendants led Plaintiffs to believe that GPI had sufficient cash, at least $25,000,000, to purchase technology from a company called WastAway.

31. Additionally, Defendants told Plaintiffs that Defendants had enough money to purchase a controlling stake or more in Golden West Resources, Inc., the Australian company in which Plaintiff's family owned shares.

32. Assured that Defendants were financially stable, Plaintiffs arranged for over fifty international wire transfers to GPI, submitting in excess of $8,000,000, between July 2007 and May 2008.

33. On or about September 2007, Defendants informed Plaintiffs that Defendants had in excess of $169,000,000 in their bank account, and showed Plaintiffs a false bank statement confirming the same.

34. Defendants asserted that the Internal Revenue Service had frozen the account but that the funds were to be released "soon." Subsequently, Defendants claimed that they had placed a voluntary freeze on their bank account as to avoid paying large taxes on any withdrawals, but assured Plaintiffs that the money could be withdrawn at any time and that Defendants had access to many millions of dollars.

35. On or about October 2007, Plaintiffs informed Defendants that they needed to collect on at least $2,000,000 of the loan to GPI for Australian tax purposes and made

COMPLAINT FOR DENIAL OF DISCHARGE - 6 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

demand for repayment. Plaintiffs informed Defendants that Australian taxes were due in mid-May 2008 and demanded that Defendants return these funds before that date. Defendants advised that they had voluntarily frozen their bank account for tax-savings purposes, but that Defendants could still access tens of millions of dollars if necessary. Defendants promised to pay back at least $2,000,000 of Plaintiffs' loans before May 2008.

36. On or about January 2008, Defendants advised Plaintiffs that the Internal Revenue Service was planning to release Defendants' frozen assets, but that the release was contingent on an inspection by the IRS of GPI's plant in Pasco, Washington, which was under construction. Defendants stated that the working plant needed more funding to complete the building process and Plaintiffs, in an attempt to assist in facilitating the alleged IRS inspection, loaned additional money to GPI. Defendants later told Plaintiffs that the IRS granted an extension and would re-inspect the plant and release the funds at the end of March 2008.

37. On or about April 2008, Defendants advised Plaintiffs that the IRS and Defendants' attorney had signed off on a release of Defendants' frozen assets. Defendants assured Plaintiffs that either $25,000,000 or $50,000,000 from Defendants' account would "definitely" be released by May 12, 2008. Defendants later confirmed again that $25,000,000 would be released by May 12, 2008, and the rest of Defendants frozen assets would be released within a month of that date.

38. Defendants' representations regarding the alleged frozen assets and the IRS inspection were each false.

COMPLAINT FOR DENIAL OF DISCHARGE - 7 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

39. On or about May 15, 2008, Defendants told Plaintiffs that they transferred $200,000 into Plaintiff's account, and planned to transfer another $200,000 the following day. Defendants provided Plaintiffs with a false tracking number for the wires. Plaintiffs never received either of the promised wire transfers.

40. On or about April 2008, in anticipation of receiving $2,000,000 from Defendants, Plaintiffs agreed to authorize Defendant to make a one time $10,000 cash draw on each of Plaintiffs' three credit cards, in the total amount of $30,000. For this purpose alone Defendants were given access to Plaintiffs' credit card numbers.

41. Plaintiffs also authorized a $50,000 cash draw on Plaintiffs' Diners Club card as a loan to pay a fuel bill incurred by GPI while Defendants' funds were purportedly frozen. The loan was intended be paid back on or before May 17, 2008. The $50,000 loan was never paid back.

42. After making the agreed-upon cash draws, Defendants negligently continued to use Plaintiffs' Diners Club card for a series of $5,000 cash draws and Federal Express charges without Plaintiffs' authorization, incurring a total outstanding balance in excess of $100,000.

## IV. FIRST CLAIM FOR RELIEF
## 11 U.S.C. § 523(a)(2)

43. The Frankes incorporate by reference and reallege the foregoing allegations in paragraphs 1 through 42 as if fully set forth herein.

44. Defendants, through numerous false pretenses, false statements, and through actual fraud obtained money, property, services, and extensions and renewals of credit from the Frankes.

COMPLAINT FOR DENIAL OF DISCHARGE - 8 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

45. Defendants used statements in writing that were materially false, respecting the financial condition of themselves or an insider; with the intent to deceive to obtain money, property, services, and extensions and renewals of credit from the Frankes.

46. The Frankes reasonably relied upon Debtor's representations.

47. The Frankes have been damaged as a proximate consequence of Debtor's misrepresentations.

48. Wherefore, the Frankes' damages should be exempted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and (B).

## V. SECOND CLAIM FOR RELIEF
## 11 U.S.C. § 523(a)(6)

49. The Frankes incorporate by reference and reallege the foregoing allegations in paragraphs 1 through 48 as if fully set forth herein.

50. Defendants' conduct as alleged herein was deliberate, intentional, willful and malicious. Their actions were wrongful, undertaken without just cause or excuse, and have caused damage to the Frankes.

51. Wherefore, the Frankes' damages and claims should be exempted from discharged pursuant to 11 U.S.C.§ 523(a)(6).

//

//

//

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

WHEREFORE, the Frankes pray for the following relief:

A. A determination that the Frankes' claims against the Debtor shall not be discharged pursuant to 11 U.S.C. § 523(a)(2)(A).

B. A determination that the Franke's claims against the Debtor shall not be discharged pursuant to 11 U.S.C. § 523(a)(6).

C. Such other, further, or different relief as the Court may deem just and proper.

Respectfully submitted this 10th day of September, 2010

GORDON THOMAS HONEYWELL LLP

By /s/ Eric D. Gilman
Bradley B. Jones, WSBA No. 17197
bjones@gth-law.com
Eric D. Gilman, WSBA No. 41680
egilman@gth-law.com
Attorneys for Creditors, William and Mandy Francke

COMPLAINT FOR DENIAL OF DISCHARGE - 10 of 10
(10-16355-SJS)
[1473701 v1.doc]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565